CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 30 2013

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRANCE SYKES, | Civil Action No. 7:13cv00207 |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| CHRISTOPHER ZYCH, | By: Samuel G. Wilson |
| Respondent. | United States District Judge |

Petitioner Terrance Sykes, a federal inmate housed at United States Penitentiary, Lee, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. Sykes claims that respondent Christopher Zych is "executing a void judgment in want of due process of law," "executing a judgment in violation of the laws of the United States," and "executing a judgment in violation of . . . the Universal Declaration of Human Rights." After reviewing Sykes' petition, the court concludes that Sykes has failed to demonstrate entitlement to relief under § 2241 and dismisses his petition as a successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

I.

On March 12, 2007, after a jury trial in the Western District of New York, the court entered judgment convicting Sykes of possessing with the intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A); possessing more than five grams of cocaine base, in violation of 21 U.S.C. § 844(s); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Sykes challenged the legality of his conviction and sentence in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which he filed in the Western District of New York. The court denied his motion, see United States v. Sykes,

No. 6:05cr06057 (W.D.N.Y. Jan. 26, 2011), and Sykes filed an unsuccessful appeal to the United States Court of Appeals for the Second Circuit, see Sykes v. United States, No. 11-1106 (2d Cir. 2011). Sykes then filed in this court a petition pursuant to 28 U.S.C. § 2241, claiming that the United States lacked jurisdiction to prosecute him, that his sentence violated double jeopardy, that he was denied due process, and that the Bureau of Prisons lacked authority under 18 U.S.C. § 3621 to commit him and execute his sentence. The court found that Sykes had failed to demonstrate an entitlement to relief under § 2241 and dismissed the matter as a successive § 2255 petition.

## II.

Ordinarily, a petition pursuant to § 2255, not § 2241, is the appropriate vehicle for challenging a conviction or the imposition of sentence,[1] unless a motion pursuant to § 2255 is "inadequate and ineffective" for the purposes. In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). A § 2255 petition is "inadequate and ineffective" to challenge the imposition of a sentence only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; *and* (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. Id. Clearly there

---

[1] "[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241." United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004). Sykes spends many pages attempting to convince the court that he is attacking the execution of his sentence and not the underlying judgment. An excerpt:
> "This Case present[s] a challenge to the execution of judgment premised on a process materially violative of the Constitution, Law and Treaties of the United States. The question presented arises though an incredible agreement between the State of New York and Federal actors to whom executed an agreement to otherwise undermine the State Court judgment suppressing illegally seized evidence."

(Pet. 4, ECF No. 1-1.) Despite Sykes' efforts, the court is convinced that Sykes' attack is in fact an attack on the underlying judgment of conviction.

has been no change in the law making it now legal to possess cocaine base or to possess a firearm as a convicted felon. Accordingly, and as with Sykes' previous petition, the court finds that Sykes has failed to show that § 2255 is inadequate to test the legality of his conviction, and the court therefore cannot address his claims under § 2241.[2]

### III.

For the reasons stated, the court dismisses Sykes' petition.

**ENTER**: April 30, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Section 2255 motions must be brought in the court that imposed the sentence. See 28 U.S.C. § 2255; Swain v. Pressley, 430 U.S. 372, 378 (1977). Sykes has already filed a § 2255 motion in the Western District of New York. In order to file a successive § 2255 motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. See § 2255(h). Because Sykes has not demonstrated that the United States Court of Appeals for the Second Circuit has issued him pre-filing authorization to submit a second or successive § 2255 motion, the court finds that transfer of a clearly successive § 2255 motion to the sentencing court does not further the interests of justice or judicial economy.